UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WYNN MA, LLC

                Plaintiff,

v.

UNITE HERE!, LOCAL 26,

                Defendant.

Civil Action No.: 1:23-cv-11223

## COMPLAINT TO VACATE ARBITRATION AWARD

Plaintiff Wynn MA, LLC, doing business as Encore Boston Harbor ("Encore"), brings this action to vacate an arbitration award pursuant to a collective bargaining agreement ("Agreement") with Defendant UNITE HERE!, Local 26 ("Local 26" or the "Union"). Encore had terminated employee Timothy Underwood ("Underwood") for repeatedly making comments of a sexual nature to a female co-worker. The Union grieved Underwood's termination and took that grievance to arbitration, pursuant to the grievance and arbitration provisions of the parties' Agreement. The Arbitrator concluded that based on the record evidence, "Encore must be deemed to have demonstrated that [Underwood] engaged in verbal conduct of a sexual nature and directed it to a person to whom it was unwelcome. It thus demonstrated just cause for disciplinary action." However, the Arbitrator reduced the termination to a written warning and ordered Encore to reinstated Underwood with backpay.

The reduction of the termination to a written warning violated the established and dominant public policy against sexual harassment in the workplace and an employer's obligation under federal and state law to redress sexual harassment in the workplace. Title VII of the Civil Rights Act of 1966 and Massachusetts General Laws ch. 151B provide that employees are entitled to a work environment free of sexual harassment, and that an employer has an obligation

95291160v.3

to investigate and promptly and effectively remediate sexual harassment in the workplace. This Encore did, by removing Underwood from working alongside the co-worker to whom he had made unwelcome sexual comments. By ordering his reinstatement, the Award violates public policy, as set forth by state and federal anti-discrimination law and would force Encore to require Underwood's victim—who remains a current employee—to continue to work alongside him.

Further, the award does not draw its essence from the parties' collective bargaining agreement.  The Agreement provides that Encore may immediately terminate employees without progressive discipline for egregious conduct generally, and sexual harassment specifically. As determined by the Arbitrator, Underwood's conduct is both. As such, the award should be vacated or remanded to the Arbitrator.

1. This complaint is brought under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to vacate the Arbitrator's Award and Opinion dated May 2, 2023, a true and accurate copy of which is attached as **Exhibit 1**.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 185. Venue is proper under 29 U.S.C. § 185 and 28 U.S.C. § 1391.

**Facts**

2. Encore is a luxury resort and casino located in Everett, Massachusetts.

3. The Union is an unincorporated association and a "labor organization" as defined by 29 U.S.C. § 152(5).  The Union is headquartered at 101 Station Landing, 4th Floor Medford, MA 02155.

4. Since April 19, 2021, the Union and International Brotherhood of Teamsters, Local 25 ("Teamsters") have been the exclusive bargaining representative of certain employees at Encore.

5. Encore and the Union and the Teamsters were parties to the Agreement from April 19, 2021 through April 18, 2023. A copy of the Agreement is attached as **Exhibit 2**.

6. Article 19 of the Agreement reserves to Encore the right "to establish and administer reasonable rules, regulations and procedures governing the conduct of employees upon notification to the Union, provided that such rules, regulations and procedures are not inconsistent with any provisions of this Agreement."

7. Article 17 states that "[e]mployees may be discharged, suspended, or disciplined by the Employer for just cause" and "[t]he parties agree that the policy of progressive discipline shall be used in all cases where warranted but egregious matters may result in . . . termination with no prior discipline."

8. In Article 28, entitled "Sexual / Harassment and Workplace Violence," Encore and the Union agreed that "[h]arassment and workplace violence will not be tolerated." Further, they agreed:

> Individuals engaging in such conduct will be subject to discipline including immediate discharge. Harassment for the purposes of this article includes, but is not limited to, abusive or threatening language, conduct creating a hostile work environment, workplace violence and sexual harassment.
>
> Sexual harassment is also considered a form of sex discrimination. No employee shall be subjected to sexual harassment in the workplace. This shall include sexual harassment because of a person's sexual preference or orientation.
>
> In this spirit a statement of policy and commitment to this principle will prevail in all work areas. The parties also agree that the employers will take reasonable steps to eliminate sexual harassment from the property whether from supervisors, employees or customers, including annual training for all employees and supervisors, of an awareness program regarding the problem of sexual harassment. . . .

9. Because such conduct was intolerable, Encore and the Union also agreed that "[i]ndividuals engaging in such conduct will be subject to discipline including immediate discharge."

10. The Agreement contains a grievance and arbitration provision, which is Article 20. The final step of the grievance process is arbitration before a neutral arbitrator of the Labor Relations Connection. The Agreement specifies that only Local 26 (as opposed to the Teamsters) can take a grievance to arbitration.

11. Underwood was employed by Encore as a server in a restaurant called the On Deck Burger Bar.

12. In the course of his employment, Underwood was required to undergo annual sexual harassment training, including training on Encore's Preventing Harassment and Discrimination Policy. That policy, a copy of which is attached hereto as **Exhibit 3**, states as follows:

> Harassment and discrimination are unacceptable. We are committed to creating a respectful, courteous work environment free of unlawful discrimination and harassment of any kind. The Company does not tolerate sexual or other unlawful harassment or discrimination by any employee, volunteer, vendor, contractor, consultant, agent, guest, customer, or visitor. Harassment and discrimination are breaches of Company policy, and may be violations of state and/or federal law. In addition to any disciplinary action that the Company may take, up to and including termination . . .

The policy defines harassment to include unwelcome conduct, "as determined by the recipient" that can be "verbal, physical or visual," based upon a person's membership in a protected class. That definition includes conduct that "unreasonably" interferes with an employee's job performance. As recognized by the Arbitrator, the policy devotes particular attention to defining verbal harassment, which includes, "jokes of a sexual nature…lewd remarks" and "verbal abuse or 'kidding'" that are "sexual in nature and unwelcome".

13. On October 2, 2022, a female coworker working in the restaurant asked Underwood if he was upset. Underwood responded, "my name ain't dick, so keep it out of your

4

mouth." The female employee asked him whether he was kidding, and Underwood responded by saying it twice more. The female coworker told him that this was disrespectful.

14. The female coworker reported the incident to Encore management. She described the statement as disrespectful and having sexual overtones and that she was upset.

15. After an investigation, Underwood was terminated on October 11, 2022.

16. The Union grieved Underwood's termination and ultimately took the grievance to arbitration before an arbitrator.

17. A virtual hearing was held before the Arbitrator on February 22, 2023.

18. On May 2, 2023, the Arbitrator issued the Award.

19. The Arbitrator concluded that "the comment that the grievant indisputably made to the hostess two or three times was certainly 'verbal conduct…of a sexual nature." While the Union tried to claim that the comment was innocuous, the Arbitrator rejected that claim, explaining that "it is difficult to construe the remark as not having a sexual connotation."

20. The Arbitrator also found that the comments were "unwelcome" and that the female co-worker made this clear to Underwood. The Arbitrator explained that Underwood should have ceased using the phrase and that by failing to do so, he violated Encore policies.

21. The Arbitrator thus concluded: "On this record, Encore must be deemed to have demonstrated that [Underwood] engaged in verbal conduct of a sexual nature and directed it to a person to whom it was unwelcome. It thus demonstrated just cause for disciplinary action."

22. However, the Arbitrator reduced the termination to a written warning.

23. As found by the Arbitrator, there was evidence that Encore had terminated 28 employees for violating its harassment and discrimination policy. During the term of the Agreement, Encore had issued lesser discipline in four instances for certain conduct. In one

5

instance, an employee received a written warning for asking a co-worker out and touching her hand.  The employee agreed to not do that again.

24. Despite the obvious differences between this incident and Underwood's conduct, the Arbitrator claimed that this other incident meant that Underwood's termination should be reduced to a written warning.

## Grounds To Vacate The Award

25. Paragraphs 1 through 23 are incorporated by reference as if fully set forth herein.

26. The Award is contrary to the dominant and well-established public policy against sexual harassment in the workplace and an employer's obligation under federal and state law to remedy discrimination and harassment.

27. The Award does not draw its essence from the Agreement.  The reduction of the termination to a written warning is not consistent with the Agreement.

28. In issuing the Award, the Arbitrator exceeded his authority and dispensed his own brand of industrial justice.

## Prayer for Relief

WHEREFORE, Encore prays for relief against Local 26 as follows:

1. An order vacating the Arbitrator's decision; and
2. Any further relief as the Court deems just and proper.

Dated: May 31, 2023

                                        Respectfully Submitted,

                                        WYNN MA, LLC

                                        By its counsel:

                                        */s/ Robert A. Fisher*
                                        Robert A. Fisher (BBO # 643797)
                                        John T. Ayers-Mann (BBO # 703184)
                                        rfisher@seyfarth.com
                                        jayers-mann@seyfarth.com
                                        SEYFARTH SHAW LLP
                                        Two Seaport Lane, Suite 1200
                                        Boston, MA 02210-2028
                                        Telephone:  (617) 946-4800
                                        Facsimile:   (617) 946-4801